ORIGINAL

FILED
SEP 16 2004
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PAUL MANNING and JOY MANNING, husband and wife, DeMEESTER FAMILY LIMITED PARTNERSHIP,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant. | No. 04-1466L<br><br>Honorable _____ |

## COMPLAINT

Plaintiffs allege the following:

### INTRODUCTION

1.  The United States, through the issuance of a Notice of Interim Trail Use (NITU) under the National Trails System Improvement Act of 1988, Public Law 100-170, 10s Stat. 2281 (1988), 16 U.S.C. § 1248 (c)-(f), has taken Plaintiffs' property rights by denying them a reversionary interest in a railroad right of way located on their respective properties that has been abandoned by the railroad. Plaintiffs seek just compensation as required by the Fifth Amendment to the United States Constitution.

1

ORIGINAL

## PARTIES

2.      Plaintiffs Paul Manning and Joy Manning, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property that has been taken by the Federal government. Plaintiffs are the fee simple owners of property situated in King County, Washington, identified as Lots 20, 21, and 22, Block 3, Inglewood, according to the plat thereof recorded in Volume 3 of Plats, page 169, records of King County, Washington. Plaintiffs are also the fee simple owners of property situated in King County, Washington, identified as Lot 1, Block 4, Inglewood, according to the plat thereof recorded in Volume 3 of Plats, page 169, records of King County, Washington. Plaintiffs are also the fee simple owners of property situated in King County, Washington, identified as Lots 3 and 4, Block 4, Inglewood, according to the plat thereof recorded in Volume 3 of Plats, page 169, records of King County, Washington.

3.      Plaintiff DeMeester Family Limited Partnership is a resident of the State of Washington. Plaintiff claims an interest in the real property that has been taken by the Federal government. Plaintiff is the fee simple owner of property situated in King County, Washington identified as Lot 5, Block 4, Inglewood, according to the plat thereof, recorded in Volume 3 of Plats, page 169, in King County, Washington.

## JURISDICTION

4.      This Court has jurisdiction over these claims pursuant to the Tucker Act, 28 U.S.C. Section 1491, because the claims for relief made herein are founded upon the Fifth Amendment to the United States Constitution and the claims are for amounts in excess of $10,000.

## FACTS

5. When Plaintiffs purchased their properties, their respective titles were encumbered by an easement for a railroad right-of-way that traverses through each of their properties.

6. Effective September 18, 1998, the Surface Transportation Board ("STB") approved interim trail use (a.k.a. "railbanking") of the right of way easement through Plaintiffs' respective properties by issuing a Notice of Interim Trail Use ("NITU") and granting an exemption to Burlington Northern and Santa Fe Railway Company (BN) to abandon the use of subject right of way as an active rail line. This ruling authorized the conversion of the railroad corridor, including each subject property, into a recreational trail under the National Trail System Act, 16 U.S.C. 1247(d). *See* Surface Transportation Board Decision and Notice of Interim Trail Use or Abandonment, attached hereto as Exhibit A. BN subsequently reached an agreement with King County, Washington for use of the right of way for trail purposes and BN has fully abandoned the line.

## FIRST CLAIM FOR RELIEF
### (Taking of Property Without Compensation)

7. Plaintiffs incorporate paragraphs 1 through 6 by reference as if fully set forth herein.

8. BN has abandoned the subject railroad right of way. Plaintiffs have a property right in the reversionary interest to the right of way as it traverses through Plaintiffs' respective properties. As to each Plaintiff, that property right has been taken by the Federal government through the issuance of the NITU and conversion of the right of way into use as an interim trail.

3

9. Plaintiffs are each entitled to just compensation under the Fifth Amendment to the United States Constitution for the taking of their respective property right.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for the following relief:

1. Just compensation, in an amount to be determined at trial, as required by the Fifth Amendment to the United States Constitution for the property rights taken by the Federal government as alleged above.

2. An award of compound interest from the date of the taking until the judgment is paid.

3. An award of reasonable costs, disbursements and expenses, including reasonable attorneys' fees and fees of experts incurred as authorized by 42 U.S.C. § 4654(c).

RESPECTFULLY SUBMITTED this 15th day of September, 2004.

By: _____/s/ John M. Groen_____
John M. Groen
Diana M. Kirchheim
Attorneys for Plaintiffs

GROEN STEPHENS & KLINGE LLP
2101 – 112th Avenue NE, Suite 110
Bellevue, WA 98004-2944
Telephone (425) 453-6206
Fax (425) 453-6224

# EXHIBIT A

FILE COPY

# EXHIBIT

**Case**

Docket No.  Title
AB 6 380 X   BURLINGTON NORTHERN ABANDONMENT EXEMPTION - IN KING COUNTY, WA

**Decision Summary**
MODIFIED TO THE EXTENT NECESSARY THE DECISION SERVED AUGUST 5, 1998, TO IMPLEMENT INTERIM TRAIL USE/RAIL BANKING AS SET FORTH IN THIS DECISION.

Docket No.  Title

**Download Files**

WP Envoy (requires viewer)   WordPerfect                Graphics/Maps/Figures:

▦ - 29583.evy                ▦ - 29583.wpd

Size of PDF File: 0.00 MB

Approximate download time at 28.8 : 0 Minute(s)

Note:
Some installations of Adobe Acrobat 3 browser plug-ins cannot open large PDF files. If you experience problems viewing our files, we recommend upgrading to an Acrobat 4 reader available free at www.adobe.com.

**Full Text of Decision**

29583

SERVICE DATE - SEPTEMBER 18, 1998

DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah Line), subject to labor protective and environmental conditions. Thereafter, in a decision served August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.(1)

Also in the August 5 decision, the Board deferred action on requests by King County and The Land Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of

http://www.stb.dot.gov/decisions/ReadingRoom.nsf/dd3c7524168c4981852565007004c4a19/b70...8/26/029c146f

willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams

Secretary

1. See pages 1-5 of the decision for a more detailed discussion of the history of this and related

http://www.stb.dot.gov/decisions/ReadingRoom.nsf/dd3c7524168c498185256507004c4a19/b70283a64d29c146f

proceedings.